UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**TIMOTHY JACKSON**                                                                                                       **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 5:20-cv-41-TBR**

**FRANKLIN POLLARD et al.**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Timothy Jackson, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### I. SUMMARY OF CLAIMS

The title of Plaintiff's complaint names as Defendants the Trigg County School District; School Resource Officer Franklin Pollard; and Carrie Wiggins. In the body of the complaint, Plaintiff also names Brian Futrell, Principal of Trigg County Schools, and Travis Hamby, ex-Superintendent of Trigg County Schools.[1] He alleges violations of his First, Fourth, and Fourteenth Amendment rights arising from a social media post that lead to his arrest. He states that he "posted a facebook meme shared from a friend," which was "satirical dark humor." He alleges that a third party took a screenshot of it "and sent it to the school, setting off the events to my arrest."

Plaintiff alleges that Defendant Pollard "did not use due process or a proper investigation when acquiring a warrant. Mr. Futrell did not tell the police I had called and explained I

---

[1] Only those Defendants named in the title of the complaint were named as Defendants in the caption of the docket in this case. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

removed meme.  Mr. Hamby instructed Mr. Pollard to proceed with warrant even though there was no true threat."  He states that he sustained injuries of mental anguish; loss of a civil servant job "that took 8 yrs to get [because of] AWOL status because of excessive bond"; and financial ruin, including losing "both new cars to repo due to losing job."

On August 13, 2020 (DN 8), the Court ordered Plaintiff to provide additional information regarding the criminal charges against him.  Plaintiff responded that charges of terroristic threatening in the second degree were still pending (DN 9).  By Order dated October 21, 2020 (DN 12), the Court stayed this civil lawsuit pursuant to *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), until the state criminal case against Plaintiff was resolved.  The stay was lifted by Order entered October 27, 2021 (DN 14), after Plaintiff notified the Court that the state court case against him had been dismissed (DN 13).

Plaintiff filed two motions to amend the complaint (DNs 11 and 12).  In the first motion he clarifies that he worked for the Department of Defense as a civil servant for the Fort Campbell Commissary and that he lost his job due to "excessive bond" which kept him from being released.  In the second motion, he states that he wants to drop Carrie Wiggins and the Trigg County School District as Defendants and to amend to add Defendants Travis Hamby and Brian Futrell "under personal capacity being employed by government agencies."  He wishes to keep Franklin Pollard as a Defendant.  Thus, Plaintiff intends the Defendants to be Franklin Pollard, the school resource officer; Principal Brian Futrell; and Superintendent Travis Hamby.

**IT IS ORDERED** that both motions to amend (DNs 11 and 12) are **GRANTED**.

The Clerk of Court is **DIRECTED** to terminate Defendants Trigg County School District and Carrie Wiggins as parties to this action and to add Travis Hamby and Brian Futrell as Defendants in this action.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Reading the complaint liberally, Plaintiff alleges that Defendant Pollard, a school resource officer, obtained the arrest warrant at the behest of Defendant Hamby and that Defendant Futrell did not tell the police that Plaintiff had called and explained that he had removed the meme from social media.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir .2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Here, all three Defendants appear to be state actors.[2]

The allegations in the complaint do not state a First Amendment free-speech claim. "As a general principle, the First Amendment bars the government from dictating what we see or read

---

[2] It is not clear to the Court whether Defendant Pollard as a "school resource officer" is an employee of the public school district or of a law-enforcement agency assigned to the school district. Either way, it would appear that Defendant Pollard is a "state actor."

3

or speak or hear." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245 (2002). Here, the named Defendants did none of these things. By reacting to a potential threat to a school, they did not impinge on Plaintiff's right to free speech related to his post on Facebook. In fact, it has been held that "filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition the government for the redress of grievances." *Meyer v. Bd. of Cty. Comm'rs of Harper Cty.*, 482 F.3d 1232, 1243 (10th Cir. 2007) (internal quotation marks and citation omitted); *see also Rudd v. City of Norton Shores, Mich.*, 977 F.3d 503, 514 (6th Cir. 2020) (holding that even "informal requests for police assistance . . . qualify as protected petitioning of the government").

Nor does Plaintiff state a First Amendment retaliation claim for the loss of his job. To maintain a claim under § 1983 for First Amendment retaliation, Plaintiff must show (1) that he engaged in protected conduct; (2) that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that there is a causal connection between elements one and two, *i.e.*, a plaintiff must show that the adverse action was motivated, at least in part, by his protected conduct. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

According to the complaint, after Plaintiff's arrest, he lost his job at Fort Campbell because he was AWOL from his job while he was held on bail on charges of terroristic threatening. None of Defendants is alleged to have terminated Plaintiff's job at Fort Campbell. Accordingly, the Court will dismiss Plaintiff's First Amendment claims.

The Court will allow Plaintiff's Fourth/Fourteenth Amendment claims to continue. In doing so, the Court expresses no opinion as to the ultimate merits of those claims.

## III. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's First Amendment claims are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that on preliminary review the Court will allow Plaintiff's Fourth and Fourteenth Amendment claims to go forward against Defendants in their individual capacities.

Accordingly, **IT IS ORDERED** as follows:

(1) The Clerk of Court shall issue summons and the United States Marshal shall serve a copy of the complaint (DN 1), the amended complaints (DNs 11 and 12), summons, and this Memorandum Opinion and Order in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c).

(2) The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service, if required. *See* Fed. R. Civ. P. 5.

(3) Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel. See Local Rule 5.3(e).

(4) Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court may result in a dismissal of this case.

(5) The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of the *Pro Se* Handbook.

Date: December 13, 2021

*[Signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Trigg County Attorney
4413.009