# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**TIMOTHY JACKSON**                                                **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 5:20-CV-41-TBR**

**FRANKLIN POLLARD et al.**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Timothy Jackson has filed a motion to amend/correct the complaint (DN 18) and a motion to reinstate his First Amendment claim (DN 23). Each will be considered below.

***Motion to amend (DN 18)***

In his motion to amend, Plaintiff asks to name Defendants in their official capacities.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." The Supreme Court has held that leave to amend should normally be granted unless there is some "apparent or declared reason" not to allow the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). One reason for not allowing an amendment is that the amendment would be futile. *Id*. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Bringing 42 U.S.C. § 1983 claims against Defendants in their official capacities is tantamount to suing their employer, Trigg County for Defendants Travis Hamby and Brian Futrell and, it appears, the City of Cadiz, Kentucky, for Defendant Franklin Pollard. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable

under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has not alleged a Trigg County or City of Cadiz custom or policy of denying him his constitutional rights, and, therefore, his proposed amendment would not withstand a Rule 12(b)(6) motion to dismiss. As such, his requested amendment would be futile. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend (DN 18) is **DENIED**.

*Motion for reinstatement of claim (DN 23)*

On initial review, the Court dismissed Plaintiff's First Amendment claim but allowed his Fourth and Fourteenth Amendment claims to continue. Plaintiff now seeks to reinstate his First Amendment free-speech claim. He states that he explained to Defendants Humby and Futrell that his Facebook post, which is the genesis of Defendants' allegedly unconstitutional actions against him, was a "dark humor meme" and that he had removed it. He asserts that no probable cause existed to arrest him. He further asserts that Defendants Humby and Futrell "had a choice and they informed the cop Mr. Pollard to still have me arrested clearly violating my First Amendment right to protected online speech."

As the Court explained in its initial screening:

> The allegations in the complaint do not state a First Amendment free-speech claim. "As a general principle, the First Amendment bars the government from dictating what we see or read or speak or hear." *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 245 (2002). Here, the named Defendants did none of these things. By reacting to a potential threat to a school, they did not impinge on Plaintiff's right to free speech related to his post on Facebook. In fact, it has been held that "filing a criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right to petition the government for the redress of grievances." *Meyer v. Bd. of Cty. Comm'rs of Harper Cty.*, 482 F.3d 1232, 1243 (10th Cir. 2007) (internal quotation marks and citation omitted); *see also Rudd v. City of Norton Shores, Mich.*, 977 F.3d 503, 514 (6th Cir. 2020) (holding that even "informal requests for police assistance . . . qualify as protected petitioning of the government").

The Court has an inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. *McWhorter v. ELSEA, Inc.*, No. 2:00–cv–473, 2006 WL 3483964, at *1 (S.D. Ohio Nov 30, 2006) (citing *Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1 (1943)); *see also Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005). However, here Plaintiff offers no reason that the Court's dismissal of his First Amendment free-speech claim was erroneous. Plaintiff simply rehashes the allegations in his

complaint. It is clear that Defendants did not hinder his online speech; they merely reported that speech, which they reasonably considered to be a potential threat to the school, to the proper authorities.

The Court finds no reason to reinstate Plaintiff's First Amendment free-speech claim. *See, e.g.*, *Allen v. Diaz*, No. 20-CV-1389 JLS (MDD), 2021 WL 2222529, at *3 (S.D. Cal. June 2, 2021) (declining to reinstate claim dismissed on initial review under 28 U.S.C. § 1915 where motion for reconsideration "offer[ed] no new facts, point[ed] to no new evidence, fail[ed] to cite to any intervening case law, and point[ed] to no clear error [but only] rehashe[d] the same allegations raised in the Complaint"). Accordingly,

**IT IS ORDERED** that Plaintiff's motion (DN 23) is **DENIED**.

Date: March 31, 2022

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4413.009