**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH**

| | | |
|---|---|---|
| TIMOTHY JACKSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| | ) | Case No. 5:20-cv-00041 (TBR) |
| FRANKLIN POLLARD, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon cross-motions for summary judgment.  Plaintiff Timothy Jackson has filed a *pro se* Motion for Summary Judgment, (Pl.'s Mot.), Dkt. 26. Defendants Brian Futrell and Travis Hamby have also filed a Motion for Summary Judgment, (Defs.' Mot.), Dkt. 28.

For the reasons that follow, Timothy Jackson's Mot., Dkt. 26, is **DENIED**, and Brian Futrell's and Travis Hamby's Mot., Dkt. 28, is **GRANTED**.

**I.      FACTUAL BACKGROUND**

The facts are essentially undisputed.  Timothy Jackson is the father of a student enrolled in Trigg County Intermediate School.  *See* Compl., Dkt. 1; *see also* Defs.' Mot. at 1.  This case began on February 14, 2019, when, according to Jackson, "[his] son was punished . . . for calling the teacher a name."  *See* Pl.'s Mot. at 2.  Though Jackson does not provide any further detail in his Compalint, state court records show that Jackson's son was disciplined at school for the use of profanity.  *See* State Court Records, Ex. A, Dkt. 28-2, at 24.  Jackson claims that that evening he posted a photo of his son's discipline slip to Facebook, captioning it "this lil shit."  *See* Pl.'s Mot. at 2; *see also* State Court Records at 24.

1

About one week later, on February 18, 2019, Jackson shared a post from a Facebook friend, Vinny Reeder.  *See* Pl.'s Mot; *see also* Defs.' Mot. at 1–2; State Court Records at 21–23. What that means is that Jackson published Reeder's post on his own Facebook page.  *See ibid.* That post showed the torso of an unidentified man holding a handgun and attaching a silencer to the end of it.  *See ibid.*  The caption alongside the image stated: "When you're done with the classrooms, hallways, and bathrooms, it's time for the library."  *See ibid.*  As part of this post, Jackson wrote: "Vin I'll catch you on the flip."  *See ibid.*  Jackson also wrote in the comments section: "I feel like columbine."  *See ibid.*  Replies to that comment referenced shooting children. *See ibid.*

A school employee saw Jackson's post and his comments referencing the 1999 deadly school shooting at Columbine High School in Colorado.  *See ibid.*  That employee notified Brian Futrell, the Trigg County Intermediate School's principal, who, in turn, notified Travis Hamby, the Superintendent of Trigg County Public Schools.  *See* Pl.'s Mot.' *see also* Defs.' Mot. at 2. Futrell and Hamby then notified law enforcement about Jackson's post.  *See ibid.*  Jackson alleges that at some time after that he removed the image from his Facebook page.  *See* Compl. at 4.

Upon reviewing the situation, Franklin Pollard, a school resource officer and an employee of the Cadiz Police Department, presented a complaint warrant to a Trigg County District Court judge.  *See See* Pl.'s Mot.' *see also* Defs.' Mot. at 2.  That judge signed the warrant and Jackson was arrested on the charge of terroristic threatening.  *See ibid.*  Although a grand jury returned an indictment charging Jackson with terroristic threatening in the second degree, Jackson entered into an agreement with the Commonwealth for a deferred prosecution

and the case was eventually dismissed with prejudice.  *See ibid.*  Jackson maintains that his

Facebook post was just a "meme"[1] and nothing more than "satirical dark humor."  Compl. at 4.

## II.    LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve

all ambiguities and draw all reasonable inferences against the moving party.  *See Matshushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material

fact."  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether

the party bearing the burden of proof has presented a jury question as to each element in the case.

*See Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a

mere scintilla of evidence in support of his position; the plaintiff must present evidence on which

the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 252 (1986)).  The plaintiff may accomplish this by "citing to particular parts

of materials in the record" or by "showing that the materials cited do not establish the

absence . . . of a genuine dispute . . . "  Fed. R. Civ. P. 56(c)(1).  Mere speculation will not

suffice to defeat a motion for summary judgment, "the mere existence of a colorable factual

dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute

between the parties on an issue of material fact must exist to render summary judgment

inappropriate."  *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

---

[1] Merriam-Webster's Dictionary defines use of the term "meme" in this context as "an amusing or interesting item (such as a captioned picture or video) or genre of items that is spread widely online especially through social media."  *Meme*, MERRIAM-WEBSTER'S DICTIONARY, https://www.merriam-webster.com/dictionary/meme (last visited Mar. 24, 2022).

## III.    DISCUSSION

Jackson has filed this suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.  *See Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Therefore, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); *see also* 42 U.S.C. § 1983.

Jackson alleges that Futrell, Hamby, and Pollard, in their individual capacities, each violated his Fourth and Fourteenth Amendment rights.  *See* Compl.

### A. *Fourth Amendment Claim*

Jackson claims that "Mr. Futrell did not tell the police [he] had called and explained [he] removed [the] meme" and that "Mr. Hamby instructed Mr. Pollard to proceed with [the] warrant even though there was no true threat."  Compl. at 4.  Jackson goes on to claim that "Mr. Pollard did not use due process or a proper investigation when acquiring a warrant." *Id.*  Mindful of its duty to construe *pro se* pleadings liberally, the Court interprets Jackson's Fourth Amendment allegation as a claim for false arrest.  *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985).

"In order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002).  "A police officer has probable cause only when he discovers reasonably reliable information that the suspect has committed a crime." *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).

4

"When deciding whether an arrest was supported by probable cause, a court should look to the totality of the circumstances and consider only the information possessed by the arresting officer at the time of the arrest." *Martin v. Coyt*, 2012 WL 1574823, at *9 (W.D. Ky. May 3, 2012) (quoting *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008)). "The Sixth Circuit has held that, even where probable cause is lacking to arrest plaintiff for the crime charged, proof that probable cause existed to arrest plaintiff for another offense may entitle the arresting officer to qualified immunity on a false arrest claim under § 1983." *Helfrich v. City of Lakeside Park*, 2010 WL 3927475, at *1 (E.D. Ky. Oct. 4, 2010).

Jackson argues that Futrell and Hamby contributed to his false arrest. *See* Compl.; *see also* Pl.'s Mot. In essence, Jackson argues that Futrell and Hamby are somewhat responsible for his arrest because they shaped and directed the information upon which the warrant was based. *See ibid.* Both Jackson and Defendants Futrell and Hamby have filed motions for summary judgment on this claim. The Court must award summary judgment in favor of the Defendants. Jackson has not shown that either Futrell or Hamby was an arresting officer. *See ibid.* Jackson does not allege that Futrell or Hamby actually assisted in the arrest; rather, Jackson only contends that they provided information to law enforcement. *See ibid.* So, "much as providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law,' " Futrell's and Hamby's "contact with the police, even in their capacity as school officials, does not expose them to liability for false arrest." *Zavatson v. City of Warren, Michigan*, 714 F. App'x 512, 520 (6th Cir. 2017) (internal quotations and citation omitted).[2]

---

[2] True, *Zavatson* applies Michigan law. But like Michigan law, Kentucky law requires that for a plaintiff to prove a false arrest claim there must be a showing that police or the arresting officer had probable cause for the arrest, *see supra*. So, the reasoning of *Zavatson*, which is factually similar to the instant case, applies here.

Accordingly, the Court grants Futrell's and Hamby's motion for summary judgment with respect to the Fourth Amendment claim.[3]

Jackson next argues that Pollard is liable for his false arrest. *See* Compl.; *see also* Pl.'s Mot. Jackson has filed a motion for summary judgment and Pollard has not. Against the backdrop of the state court proceedings, and because Jackson's motion for summary judgment does not set out actual legal arguments as to why the motion should be granted, the Court denies Jackson's motion for summary judgment against Pollard with respect to the Fourth Amendment claims.

### B. *Fourteenth Amendment Claim*

Jackson's reasoning for his Fourth Amendment claim is identical to the reasoning for his Fourteenth Amendment claim. *See* Compl.; *see also* Pl.'s Mot. The Due Process Clause of the Fourteenth Amendment states that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1.

"The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed [is] known as substantive due process." *Grinter v. Knight*, 532 F.3d 567, 572–73 (6th Cir. 2008) (internal quotation marks and citation omitted). "Where a particular constitutional amendment governs government behavior, however, claims under § 1983 should be evaluated under that particular constitutional provision, rather than under the Fourteenth Amendment's substantive-due-process rubric." *Wooley v. Robey*, No. 3:21-CV-546-BJB, 2022 WL 526490, at *5 (W.D. Ky. Feb. 22, 2022) (citing *Albright v. Oliver*, 510 U.S. 266, 273 (1994)).

---

[3] Futrell and Hamby alternatively argue that Jackson is precluded from advancing a claim of false imprisonment in support of his § 1983 action because a state court previously determined that Pollard had probable cause to arrest Jackson. *See* Defs.' Mot. at 8–9. Because the Court has already concluded that Futrell and Hamby are entitled to summary judgment, this argument need not be addressed.

Here, the alleged violations of Jackson's liberty fall within the Fourth Amendment provisions set forth above.  Consideration of these claims under the rubric of substantive due process is therefore inappropriate.  Accordingly, the Court grants Futrell's and Hamby's motion for summary judgment with respect to the Fourteenth Amendment claim.  Likewise, the Court denies Jackson's motion for summary with respect to the Fourteenth Amendment claim against Pollard.

## IV.     CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Timothy Jackson's Mot., Dkt. 26, is **DENIED**, and Brian Futrell's and Travis Hamby's Mot., Dkt. 28, is **GRANTED**. The **Clerk of Court** is **DIRECTED to terminate** Defendants Futrell and Hamby as parties to this action.

**IT IS SO ORDERED**

**Thomas B. Russell, Senior Judge**
**United States District Court**

April 1, 2022

cc: counsel

Timothy Jackson
261 Powerline Drive
Cadiz, KY 42211
PRO SE